Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9106 | DATE | January 16, 2003 |
| CASE TITLE | *Hayes v. Bass Pro* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This case is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c) based on lack of subject matter jurisdiction. Contrary to what was stated in open court on January 14, 2003, in light of the remand, all further dates are hereby vacated. Enter Memorandum and Order.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 21 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAWN HAYES, Individually and as )
Special Administrator of the Estate of )
Christopher Hayes, Deceased, )
J. BENSON, )
    Plaintiff, )
     )
v. ) 02 C 9106
     )
BASS PRO OUTDOOR WORLD, LLC., )
L& L ENTERPRISES, INC., individually )
and d/b/a OL'MAN TREE STANDS, )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper. Defendant Bass Pro Outdoor World filed a timely notice of removal pursuant to 28 U.S.C. § 1441, invoking federal jurisdiction pursuant to 28 U.S.C. § 1332. For the following reasons, the court *sua sponte* remands this action to the Circuit Court of Cook County, Illinois, based on Bass Pro's failure to comply with Northern District of Illinois Local Civil Rule 81.2 and its failure to adequately establish that diversity jurisdiction is proper.

## Background

This products liability action arises from the death of Christopher Hayes on November 18, 2000. Mr. Hayes met an untimely and tragic end when he was asphyxiated while using a tree stand and chest harness while hunting deer.[1] Mr. Hayes' widow, individually and on behalf of

---

[1] "For those unfamiliar with hunting nomenclature, a tree stand is a metal-crafted chair that is attached to trees and allows the hunter to perch high above ground to conceal him or herself in tree limbs and leaves. After several hours of waiting, the hunter shoots a deer with a gun or crossbow, and if successful, kills Bambi's mother." *S. Industries, Inc. v. Space Age*

her husband's estate, sued L & L Enterprises, d/b/a Ol' Man Tree Stands (which designed and produced the tree stand) and Bass Pro (which sold the tree stand).

The complaint seeks in excess of $50,000 and alleges that L & L is a Mississippi corporation and Bass Pro is a Missouri corporation. The notice of removal adds that: (1) Bass Pro is a Missouri limited partnership with its principal place of business in Missouri; (2) upon information and belief, L & L is a Mississippi corporation with its principal place of business in Mississippi; (3) Ms. Hayes is a resident of Illinois; and (4) Mr. Hayes was a resident of Illinois. With respect to the amount in controversy, the notice of removal states, "[u]pon information and belief, the amount in controversy exceeds $75,000, exclusive of interests and costs, inasmuch as the plaintiffs seek damages arising out of the death of Christopher Hayes."

## Discussion

The defendant in a removed action bears the burden of establishing that the requirements for diversity jurisdiction have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). While the complaint is generally the starting point for a determination regarding the existence of diversity jurisdiction, the defendant may also establish that diversity is proper by supporting its allegations of jurisdiction with "competent proof." *Id.* The Seventh Circuit has held that this standard requires the defendant to offer evidence which proves, to a reasonable certainty, that jurisdiction exists. *Id.*

28 U.S.C. § 1332 requires complete diversity and an amount in controversy greater than $75,000. Here, there are problems with both the allegations as to citizenship and the amount in controversy.

---

*Technologies*, No. 97 C 2787, 1999 WL 495484 *1 (N.D. Ill. Jun. 30, 1999).

The notice of removal states that Bass Pro is a Missouri limited partnership. A limited partnership has the citizenship of every partner, general and limited (and every partner of every partner). *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir.1996). Thus, alleging that Bass is a limited partnership with its principal place of business in Missouri fails to provide the court with all of the required citizenship information.

With respect to L & L, upon information and belief, it is a Mississippi corporation with its principal place of business in Mississippi. Allegations of citizenship that are made "upon information and belief" are insufficient under Federal Rule of Civil Procedure 11. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992), *citing Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).

The allegations as to the individuals are also insufficient since they provide information about the Hayes' residency. Residency is not the same as citizenship. *See Guaranty National Title Co., Inc. v. J.E.G. Associates*, 101 F.3d at 59 (citizenship, not residency, is what matters for diversity jurisdiction, so "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit").

While the notice of removal clearly sets forth the basis for removal – diversity jurisdiction – it does not incorporate evidence as to citizenship which satisfies the "competent proof" standard set forth in *Chase*. This omission does not necessarily mean that the defendants' sojourn in federal court must end as the court may allow amendment of defective allegations of jurisdiction at any time. *See* 28 U.S.C. § 1653. Moreover, amendment of a notice of removal to correct a technical defect is generally permissible, even if the amendment occurs more than thirty

days after removal. *See Stein v. Sprint Communications Co., L.P.*, 968 F. Supp. 371, 375 (N.D. Ill. 1997), *citing* Wright, Miller & Cooper, Federal Practice and Procedure § 3733 at 537-38 (2d ed. 1985) ("the petition may be amended only to set out more specifically grounds for removal that have already been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished").

The problems with the citizenship allegations are, however, not Bass Pro's only procedural missteps. Local Civil Rule 81.2(a) provides that:

> Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express ad damnum, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy, exclusive of interest and costs, specified in 28 U.S.C. § 1332 (the "jurisdictional amount") that is based on express allegations in that claim in conformity with that ad damnum, the notice of removal shall include in addition to any other matters required by law:
>
> (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and
>
> (2) with respect to at least one plaintiff in the Illinois action, either—
>
>     (A) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or
>
>     (B) an admission by such plaintiff in response to a request for admissions (see Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (see Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.
>
> Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph (2)(A) or of the admission by a plaintiff referred to in paragraph (2)(B),

or the occurrence of the event giving rise to a deemed admission by a plaintiff referred to in subparagraph (2)(B) shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. §1446(b). Where the defendant or defendants do not include the statement required by paragraph (1) of this rule, or do not comply with one of the alternatives described in paragraph (2) of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction.

Subject matter jurisdiction must be present based on the complaint as it existed at the time the defendant filed its petition for removal. *See, e.g., Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997). Here, the notice of removal does not include a "statement by each of the defendants . . . that it is his good faith belief that the amount in controversy exceeds $75,000." *See* Local Civil Rule 81.2(a)(1). The defendants also do not attach the materials specified by Local Civil Rule 81.2(a)(2).

Thus, the court will assume that the defendants are claiming that they are within the scope of the unnumbered initial paragraph of that rule, which provides that compliance with the rule is unnecessary if the complaint contains "an express ad damnum, as to at least one claim asserted by at least one plaintiff, in an amount exceeding $75,000 (exclusive of interest and costs) that is based on express allegations in that claim in conformity with that ad damnum." The notice of removal states, "[u]pon information and belief, the amount in controversy exceeds $75,000, exclusive of interests and costs, inasmuch as the plaintiffs seek damages arising out of the death of Christopher Hayes." While it seems likely that the amount in controversy amount will be satisfied, Ms. Hayes could theoretically limit the amount of damages she seeks to stay in state court. The local rules require a defendant in a removed action to provide more than a plausible theory supporting the asserted amount in controversy.

The deficiencies in the notice of removal make it impossible for this court to determine if the parties are diverse and whether the jurisdictional amount has been satisfied. Moreover, the problems with Local Rule 81.2 warrant remand based on the failure to properly support the amount in controversy. Accordingly, this case is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c), based on lack of subject matter jurisdiction.

## Conclusion

For the above reasons, this case is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c) based on lack of subject matter jurisdiction.

DATE: JAN 1 6 2003

Blanche M. Manning
United States District Court Judge